UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CASE NO. 1:12-CR-7(4) |
| | § | |
| EZEQUIEL RAMIREZ-MEJIA | § | |

## REPORT AND RECOMMENDATION

The District Court entered a final judgment in this case on November 27, 2012. Docket 122. Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure requires that a criminal defendant's notice of appeal be filed within fourteen days of entry of the judgment or order from which appeal is taken. Fourteen days from the entry of judgment is December 11, 2012. The Clerk for the Eastern District of Texas did not receive the notice of appeal until December 27, 2012. The Fifth Circuit Court of Appeals remanded this case to the District Court for a determination whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. Docket 141. By order of the District Court, this matter is referred to the undersigned Magistrate Judge for a recommended disposition. Docket 145. The undersigned heard evidence and conducted a hearing on this matter on May 9, 2013. Present at the hearing were the Defendant, his counsel, and counsel for the Government.

Ramirez-Mejia's handwritten certificate of service states that he mailed his notice of appeal on December 11, 2012. Docket 126. However, the official electronic postmark on the envelope shows that it was not actually posted until December 12, 2012, or one day after his deadline to file the notice of appeal.

*Pro se* prisoners' notices of appeal are "filed" at the moment of delivery to prison authorities for forwarding to the district court. Houston v. Lack, 487 U.S. 266 (1988). Therefore, according to Ramirez-Mejia's certificate of service that states he mailed the notice on December 11, 2012, the notice was timely filed. However, if he did not give the notice to prison officials until December 12, 2012 (the actual postmark date), the notice was not timely filed.

Regardless, even if Ramirez-Mejia's notice was not timely filed, the undersigned finds good cause and excusable neglect for a thirty day extension under Federal Rule of Appellate Procedure 4(b)(4). The Defendant is illiterate in both Spanish and English. He was incarcerated during his window to file the notice of appeal, and therefore, had to find someone in prison who could assist him. Nothing in the record or presented at the hearing shows dilatory behavior by the Defendant and, at worst, he filed the notice of appeal only one day after the fourteen day deadline pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. The Government has not contradicted nor asserted opposition to Ramirez-Mejia's allegations, and deferred to the court for determination of the Plaintiff's request.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the Defendant's deadline to file his notice of appeal be extended for good cause and excusable neglect under Federal Rule of Appellate Procedure 4(b)(4), such that his notice of appeal be considered timely filed.

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28

U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of May, 2013.

_____
Zack Hawthorn
United States Magistrate Judge